IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>For the use and benefit of KIM WATSON,<br>d/b/a McGUIRE PLUMBING,<br><br>           Plaintiff,<br><br>v.<br><br>CORVIAS CONSTRUCTION, LLC;<br>and HARTFORD FIRE INSURANCE<br>COMPANY,<br><br>           Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-16-463-C |

MEMORANDUM OPINION AND ORDER

Plaintiff McGuire Plumbing entered into a contract with Defendant Corvias Construction, LLC, to perform plumbing services on a project at the Fort Sill Army Installation. Dissatisfied with Corvias' actions in terms of payment for work performed, Plaintiff brought the present action asserting breach of contract, quantum meruit, and sought to recover on a bond held by Defendant Hartford Fire Insurance Company. In response to Plaintiff's lawsuit, Defendants filed a Motion to Stay Proceedings and Refer to Arbitration. According to Defendants, the contract between Plaintiff and Corvias contained an arbitration clause which, Defendants argue, requires Plaintiff's dispute to be resolved under the dispute resolution clause. The dispute resolution clause has two steps: first the parties submit their disagreement to non-binding mediation, and if no accord is reached, the second step is binding arbitration. Plaintiff objects to the Motion to Stay and Refer to Arbitration, arguing that the contract is an adhesion contract and as a result the arbitration clause is unenforceable.

Plaintiff does not dispute that the contract was signed by the parties and that the contract contains the arbitration clause as outlined by Defendants. Rather, Plaintiff argues it should be excused from complying with the dispute resolution clause because the contract was presented as a take-it-or-leave-it document, and therefore is an adhesion contract which is so unfairly one-sided as to be unconscionable.

Resolution of Plaintiff's objection turns on the question of unconscionability. Whether or not the contract can be classified as an adhesion contract is of no moment if the terms are enforceable. See MJ Lee Constr. Co. v. Okla. Transp. Auth., 2005 OK 87, ¶ 12, 125 P.3d 1205, 1210 (recognizing that even though the contract was an adhesion contract the contract was still enforceable.) Plaintiff has a substantial burden in overcoming the preference in favor of arbitration. See Freeman v. Bodyworks, Inc., 2008 OK CIV APP 114, ¶ 6, 213 P.3d 838, 840. Further, the Oklahoma Supreme Court's explanation of what makes a contract unconscionable weighs heavily against Plaintiff's position:

> An unconscionable contract is one which no person in his senses, not under delusion would make, on the one hand, and which no fair and honest man would accept on the other. The basic test of unconscionability of a contract is whether under the circumstances existing at the time of making of the contract, and in light of the general commercial background and commercial needs of a particular case, clauses are so one-sided as to oppress or unfairly surprise one of the parties.

Barnes v. Helfenbein, 1976 OK 33, ¶ 23, 548 P.2d 1014, 1020.

While Plaintiff has pointed out instances in which the contract between the parties appears to favor Defendant, it has failed to demonstrate that the contract is so unfair or one-sided as to meet this definition of unconscionability. Defendant Corvias has offered a

reasonable explanation for each of the alleged unfair or one-sided portions of the dispute resolution clause. As for whether Plaintiff was surprised by the terms of the dispute resolution clause, the evidence before the Court demonstrates to the contrary. By Plaintiff's own admission, it sought out the right to bid on the project and prior to submitting that bid was well aware of the terms of the contract, including the terms of the dispute resolution clause. Both parties to this transaction were commercial enterprises who entered into a contract believing that performance under it would be mutually beneficial. It appears from the allegations of Plaintiff's Complaint that was the case for approximately five years. Plaintiff will not now be heard to complain the contract was unfairly one-sided. In short, Plaintiff has failed to demonstrate any basis on which to avoid the terms of a contract to which it voluntarily agreed and a contract from which it has obtained substantial benefit.

Accordingly, Defendant's Motion to Stay Judicial Proceedings and Refer to Arbitration (Dkt. No. 11) and Defendants' Amended Motion to Stay Judicial Proceedings and Refer to Arbitration (Dkt. No. 12) are GRANTED. The Court Clerk shall administratively close this action pending resolution of the matter through arbitration. Either party may seek to reopen the matter upon the conclusion of those proceedings.

IT IS SO ORDERED this 21st day of July, 2016.

ROBIN J. CAUTHRON
United States District Judge